OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BALINT

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BALINT
2021 OK 24
Case Number: SCBD-7056
Decided: 05/17/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 24, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

Â 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ANDREW DAVID BALINT, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

Â¶1 On April 21, 2021, Complainant, the Oklahoma Bar Association (OBA), filed a verified complaint against Respondent, Andrew David Balint, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) 5 O.S.2011, ch. 1, app. 1-A. With the concurrence of the Professional Responsibility Commission, the OBA requests an emergency interim suspension and related relief to preserve and recover funds, pursuant to Rule 6.2A of the RGDP.

Â¶2 In support, the OBA reports that ten (10) grievances are currently pending against Respondent in the General Counsel's office. Nine (9) of these grievances were filed by current or former clients, and one (1) was filed by a lawyer who previously shared office space with Respondent. Each of the grievances allege Respondent has mismanaged client funds, failed to return unearned legal fees, and neglected or abandoned cases shortly after accepting payment. Respondent did not respond to any of the grievances.

Â¶3 The OBA mailed Respondent the verified complaint by certified mail, return-receipt requested to both his official roster address and an additional record address. Respondent did not file an answer within twenty (20) days after the mailing of the complaint pursuant to Rule 6.4 of the RGDP.

Â¶4 The OBA states Respondent does not have an IOLTA account and based upon information and belief, there is no indication Respondent has safeguarded money held for clients or placed retainer fees in any sort of trust account until earning his fee. The OBA submits these clients need Respondent to return their case files, return unearned fees, and account for any client money Respondent has misused.

Â¶5 Pursuant to Rule 6.2A of the RGDP, the OBA submits it has received sufficient evidence indicating Respondent's conduct poses an immediate threat of substantial and irreparable public harm and warrants imposition of an emergency interim suspension. The OBA further submits Respondent's conduct violates Rules 1.3, 1.4, 1.5, 1.15, and 8.4(a),(d) of the Oklahoma Rules of Professional Conduct (ORPC) and Rules 1.3 and 5.2 of the RGDP. In addition to interim suspension, the OBA requests the Court issue an order: 1) prohibiting Respondent from withdrawing funds from any account holding client funds, until an audit may be performed to determine what fees, if any, should be refunded, and 2) directing Respondent to assist Complainant in returning client files.

Â¶6 On April 22, 2021, the Court ordered Respondent to show cause, no later than May 6, 2021, why an immediate interim suspension should not be entered and the related relief should not be granted. The Court sent a file-stamped copy of the order and verified complaint to Respondent's official roster address as well as the additional record address. Respondent did not respond.

Â¶7 Upon consideration of the verified complaint and application for immediate interim suspension and in consideration of Respondent's lack of response to the Court's show cause order, the Court finds that Respondent's conduct poses an immediate threat of substantial and irreparable public harm.

Â¶8 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent, Andrew David Balint, is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.

Â¶9 FURTHERMORE, pursuant to Rule 6.2A(3) of the RGDP, Respondent is ordered to cease all withdrawals from any account that may hold client funds and to permit an audit of the same to be performed by Complainant. Respondent is ordered to assist Complainant in accessing the same to determine what fees or property, if any, should be returned to clients.

Â¶10 FURTHERMORE, Respondent is ordered to give written notices by certified mail, within twenty (20) days from the date of this Order, to all of his clients having legal business pending of his inability to represent them and the necessity for promptly retaining new counsel. If Respondent is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which Respondent has substantial responsibility. Respondent shall file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which Respondent is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.

Â¶11 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on May 17, 2021.

/S/CHIEF JUSTICE

Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich and Rowe, J.J. - concur.